The Judges,
after considering this case, observed, that it is always in the power of an unwilling executor, if he pleases, to beep personal estate out of view, so as to prevent a sheriff from seizing or selling them in satisfaction of an execution. Whereas, that cannot be done with real estates; they are, therefore, a surer pledge for satisfaction of creditors than any kind of chattels j and they are made chattels ir, *332 this country for payment of debts; and it was by no means unfrequent that executors chose to retain negroes, who compose the principal part of the chattels of this country, in preference to. land, as a more productive kind of property ; it would, therefore, be extremely unjust, to keep a creditor out of his money, under these circumstances. The rule of court (as has been very properly observed) was made for the advantage of estates, under an idea that it would be most for the interest of an estate, to exhaust chattels before lands were disposed of, for the benefit of those interested in it; and for the satisfaction of executors, to shew they had no effects in their hands to pay debts. But, if executors were negligent in filing an account of the estate, with their pleas of plene administravit, by which, it might appear, they had exhausted all the chattels of the estate, that was no reason why just creditors should be delayed ; and if heirs or devisees are injured by it, let them look to the executors for any damages which may arise from their misconduct. Bona ■fide purchasers at sheriffs’ sales, were not to be affected by their omissions or neglects.
Rule for new trial discharged.
Present, Geimke, Waties, Bay and Johnson.